**UNITED STATES of America,
Appellant,**

v.

**119 CASES, MORE OR LESS, ET AL.,
Appellees.**

No. 20679.

United States Court of Appeals
Fifth Circuit.

July 9, 1964.

William W. Goodrich, Asst. General Counsel, William E. Brennan, Nancy N. Keefe, Attorneys, Department of Health, Education, and Welfare, Washington, D. C., Herbert J. Miller, Jr., Asst. Atty. Gen., William A. Meadows, Jr., U. S. Atty., Miami, Fla., Thomas H. O'Leary, Attorney, Department of Justice, Washington, D. C., Aaron A. Foosaner, Asst. U. S. Atty., Miami, Fla., for appellant.

Thurman Arnold, Washington, D. C., Walter Humkey, Miami, Fla., Stuart J. Land, Washington, D. C., Cody Fowler, Tampa, Fla., Arnold, Fortas & Porter, Washington, D. C., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for appellees.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and McRAE, District Judge.

PER CURIAM:

This case on appeal presents a very narrow issue. Brought under Section 304 of the Federal Food and Cosmetic Act, 21 U.S.C.A. § 334, the litigation

was commenced by a seizure of certain cases of Dextra Brand Sugar. The sugar was alleged to have been misbranded within the meaning of Section 403(a) of the Act, 21 U.S.C.A. § 343(a), in that its label contained statements which were false or misleading. Although the Government charged initially that a number of the claims made on the face of the plastic bags in which the sugar was packed were misleading, these have all been abandoned on appeal, except the statement, "Almost any diet can be nutritionally improved by the use of DEXTRA Fortified Cane Sugar in place of sweetening agents containing only 'empty' calories—calories unaccompanied by nutrients."

The Government based its entire case here on the proposition that proof below showed that the average American diet is adequate without the need to be "nutritionally improved." Therefore, it is argued, it is false to say that "almost any [person's] diet can be nutritionally improved by the use of" dextra fortified cane sugar or anything else. The appeal also complains that the trial court erred in admitting certain evidence in the nature of studies and articles which were offered without an opportunity for cross-examination of the authors of the articles, and the Government also complained of the introduction into evidence of subsequent statements placed on packages later adopted by the owner of the seized product and proof that other products on the American market contained somewhat similar statements.

In light of the fact that any purchaser of food products could elect to maintain his present "average" diet with sufficient nutrients in it, or, if he wished, change to a different diet and substitute dextra fortified cane sugar for some other item, we conclude that the trial court was not in error in finding as a fact that the challenged statement was not false and misleading.

We conclude that the alleged errors with respect to the admission of evidence are insubstantial and do not bear upon the correctness of the finding of fact which was dispositive of the case.

The judgment of the trial court is, therefore,

Affirmed.